COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bray and Bumgardner
Argued at Chesapeake, Virginia


LARRY LEE

MEMORANDUM OPINION[*] BY

v.    Record No. 1215-99-1      JUDGE RUDOLPH BUMGARDNER, III
                                        APRIL 11, 2000

COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                   H. Thomas Padrick, Jr., Judge

            Annette Miller, Assistant Public Defender
            (Office of the Public Defender, on brief),
            for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Larry Lee pled guilty to violating probation, and the trial

court revoked his suspended sentence.  On appeal, he argues the

trial court abused its discretion by ordering that he serve the

entire sentence.  Finding no error, we affirm.

     The trial court had convicted the defendant of petit

larceny third offense and had imposed a suspended sentence.

While on probation for that conviction, the defendant received a

new conviction for trespassing.  The trial court found that the

trespassing conviction was a violation of probation, but it

continued the case to determine "the defendant's suitability for

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

participation in the Statewide Community-Based Corrections System's Diversion Center Incarceration Program."

At the sentencing hearing, defense counsel advised the court that the defendant did not qualify for the diversion programs because of a conviction for armed robbery in 1971. Counsel nonetheless argued that the defendant was a non-violent, homeless alcoholic who would benefit from placement in a diversion program. The defendant had an extensive record, but it consisted primarily of petit larceny convictions. The Commonwealth left the defendant's sentencing to the discretion of the court. The trial court gave the defendant the opportunity for allocution having him stand and then asking, "Anything you want to say before the court passes sentence on you?" Neither the defendant nor his counsel responded. The court recited that it had reviewed the defendant's record and announced that it was revoking his entire suspended sentence.

Defense counsel argues the trial court abused its discretion because she was unaware that it was about to impose sentence, and this precluded the defendant from testifying in mitigation. Counsel claims that if she had known the court would revoke the entire suspension, she would have called the defendant to testify. However, the defendant was given the right of allocution which would alert counsel that the court was ready to pass sentence. Neither the defendant nor his counsel said anything. After the trial court announced its decision,

-

defense counsel said, "All right.  Thank you, Your Honor."
Counsel did not object or proffer any testimony that might have
affected the sentence.  See Rule 5A:18; Barnabei v.
Commonwealth, 252 Va. 161, 177, 477 S.E.2d 270, 279 (1996),
cert. denied, 520 U.S. 1224 (1997) (appeal procedurally
defaulted where defendant failed to object when instruction
given); Spencer v. Commonwealth, 238 Va. 563, 570, 385 S.E.2d
850, 854 (1989) (where defendant claims court erroneously
limited cross-examination, record must contain proffer of both
questions to be asked and expected answers).

The subsequent conviction gave the trial court sufficient
reason to revoke the suspended sentence.  The defendant did not
qualify for the diversion programs.  The trial court had before
it all relevant information needed to make its decision.  "A
trial court has broad discretion in deciding whether to revoke a
suspended sentence and probation based upon Code § 19.2-306,
which allows a court to do so 'for any cause deemed by it
sufficient.'  The court's findings of fact and judgment will not
be reversed unless there is a clear showing of abuse of
discretion."  Davis v. Commonwealth, 12 Va. App. 81, 86, 402
S.E.2d 684, 687 (1991) (citations omitted).  Accordingly, we
affirm the judgment of the trial court.

                                                    Affirmed.


                              -